**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Yausmenda Freeman, | Case No. 2:24-cv-02373-APG-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER and REPORT AND RECOMMENDATION** |
| Carelon Insights, Inc. et al., | |
| Defendants. | |

Pro se plaintiff Yausmenda Freeman brings this case related to enforcement of Medicaid subrogation liens on behalf of herself and her children. She submitted an affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant her request to proceed *in forma pauperis*. This Court now screens her complaint.

## I.      Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Screening the complaint

On February 18, 2023, Plaintiff Yausmenda Freeman and her children were involved in a car crash in California that resulted in injuries. Plaintiff and her children began receiving medical treatment in Nevada using their Medicaid benefits shortly thereafter. Plaintiff filed a civil lawsuit against the driver of the other vehicle, and she eventually settled with the driver's auto insurance company, Wawanesa.[1] At some point, Plaintiff became aware that liens had been placed on her and her children's settlement proceeds to recover Medicaid payments on their behalf.

Although Plaintiff appears to have initially spoken with a member services representative at Anthem Blue Cross, Blue Shield[2], Defendant Carelon Insights, Inc. handled all further communication regarding the liens. Plaintiff alleges that although she initially communicated with Carelon's subrogation department, Carelon's representatives subsequently corresponded only with Wawanesa. In April 2024, Wawanesa's Senior Bodily Injury Field Representative forwarded an email to Plaintiff from Carelon that showed Carelon's continuing debt collection activities against Plaintiff and her children directly with Wawanesa. Wawanesa and Carelon agreed to send settlement checks to Plaintiff, but the checks were to be made payable to

---

[1] Plaintiff first settled her children's bodily injury claims, but since Wawanesa would not settle for policy limits for Plaintiff, she refiled a solo action. Wawanesa then agreed to settle with Plaintiff individually for the policy limit of $25,000.

[2] Anthem of NV Medicaid is Plaintiff and her children's insurance provider.

"Carelon". Plaintiff attempted to reach out to Carelon several times to contest the liens on her and her children's settlement proceeds but was ignored.

On October 3, 2024, Plaintiff emailed a "Dispute of Lien and Subrogation" letter to the subrogation team lead at Carelon. A copy of the dispute was forwarded via USPS prepaid mail addressed to Suzanne Bierman at DHCFP as well as to Richard Whitley at Nevada Department of Health and Human Services. On December 9, 2024, Plaintiff filed a claim with the State of Nevada Attorney General's office for damages caused by Nevada Division of Health Care Financing and Policy ("DHCFP") administrator Suzanne Bierman, and Nevada Department of Health and Humans services Director, Richard Whitley, for failing to address her dispute of the claims when they were notified of the dispute via letter. On December 16, 2024, Plaintiff filed a complaint against the State of Nevada, DHCFP, Community Care Health Plan of Nevada, Inc. d/b/a Anthem Blue Cross and Blue Shield Health Care solutions, and Does 1-10. However, after receiving correspondence from the Office of the Attorney General in which she was given a claim notification letter with her claim number, Plaintiff agreed to dismiss the State of Nevada and DHCFP from the lawsuit upon release of the liens.

On January 9, 2025, Plaintiff was notified that Defendant Carelon had communicated with Anthem and their counsel who agreed to waive the Medicaid liens for Plaintiff and her children. Plaintiff then filed a voluntary dismissal of her claims against Defendants State of Nevada, DCHFP, and Anthem. Around the same time, Plaintiff alleges that she was finally provided the full legal name of "Carelon" which was "Carelon Insights, Inc.". Accordingly, Plaintiff filed an amended complaint on January 13, 2025, which reflected the dismissal of Defendants State of Nevada, DCHFP, and Anthem and substituted Doe I for Carelon Insights, Inc.

Plaintiff brings the following claims against Carelon Insights, Inc. on behalf of herself and her children: (1) Request for Equitable and Injunctive relief, (2) Violation of Federal Medicaid Act under 42 U.S.C. § 1396a, (3) Procedural Due Process Violations under 42 U.S.C. § 1983, (4) Negligence, (5) Violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692 et seq., (6) Violations of Nevada Debt Collection Laws under NRS Chapter 649), and (7) Unfair Trade Practices under NRS 598.0903 et seq.

### A. Plaintiff's representation of her children

Plaintiff Freeman can only bring the above claims on her own behalf. Although a litigant in federal court has a right to act as her own counsel, *see* 28 U.S.C. § 1654, pro se litigants have no authority to represent anyone other than themselves. *See Simon v. Hartford, Life Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney may not attempt to pursue a claim on behalf of others in a representative capacity). Accordingly, only Plaintiff Freeman may proceed in this action. This Court recommends dismissal of all causes of action on behalf of or by anyone other than Plaintiff Freeman contained in the Complaint without prejudice.

### B. Claim No. 1: Equitable and Injunctive Relief

Plaintiff requests equitable and injunctive relief because her alleged injuries arise out of Defendant's violation of the "made whole" doctrine. A request for injunctive relief on its own does not state a cause of action. *Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010). It is a remedy and not a separate claim. *Id.* The same is true of requests for equitable relief. *See Neu v. Terminix Intern., Inc.,* No. C 07-6472 CW, 2008 WL 962096, at *3–4 (N.D. Cal. Apr. 8, 2008) (dismissing a claim for equitable relief because "a request for equitable relief is not a cause of action."). Since Plaintiff cannot bring her request for equitable and injunctive relief as a standalone claim, this Court recommends that Claim No. 1 be dismissed with prejudice.[3]

### C. Claim No. 2: Violation of Federal Medicaid Act under 42 U.S.C. § 1396a

Plaintiff argues that Defendant violated 42 U.S.C. § 1396a by attempting to recover more than the portion of the tort settlement allocated to medical expenses. Plaintiff points to *Arkansas Dep't of Health & Human Servs. v. Ahlborn*, 547 U.S. 268 (2006), which challenged a state Medicaid law automatically imposing a lien in favor of the Arkansas Department of Health and Human Services on tort settlement proceeds to cover the full extent of any amount that Medicaid paid for the recipient's benefit. The Supreme Court held that the law was in violation of

---

[3] This does not mean that Plaintiff cannot request equitable or injunctive relief as remedies to other causes of action properly pled in the Complaint.

42 U.S.C. § 1396a(a)(25)(A), and that the Department could only recover the amount of settlement proceeds specifically allocated to medical expenses. *Ahlborn*, 547 U.S. at 292.

Unlike in *Ahlborn*, Plaintiff is not seeking a declaration that Nevada's Medicaid law is incompatible with 42 U.S.C. § 1396a. Instead, Plaintiff alleges that a private party violated federal Medicaid law by attempting to collect beyond the amount of her settlement that was allocated to medical expenses. Plaintiff seeks more than a declaration—she seeks equitable relief, compensatory damages, and punitive damages. Thus, *Ahlborn* is distinguishable from this case.

Moreover, 42 U.S.C. § 1396a is part of the Medicaid Act and sets out requirements for state Medicaid plans. It governs what states must do to receive federal funding; not what private parties must do. Indeed, the statute begins as follows: "A state plan for medical assistance must…" followed by a litany of requisites. Typically, claims involving violations of federal Medicaid law against an individual are brought under 42 U.S.C. § 1983. *See e.g., Medina v. Planned Parenthood South Atlantic*, 606 U.S. 357 (2025) (addressing whether a private right of action against the director of South Carolina's Department of Health and Human Services existed under Section 1983 for violations of 42 U.S.C. § 1396a(a)(23)(A)); *see also Sanchez v. Johnson*, 416 F.3d 1051, 1055–56 (9th Cir. 2005) (addressing whether a private right of action against California officials under Section 1983 for violations of 42 U.S.C. § 1396a(a)(30)(A)). But Section 1983 claims can only be brought against state actors, and private parties may be held liable under Section 1983 as state actors only in limited circumstances. *See* 42 U.S.C. § 1983; *see also Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). Insofar as Plaintiff intended to pursue a Section 1983 claim against Defendant for violations of federal Medicaid law, she has failed to establish that Defendant was a state actor.

Lastly, this Court notes Plaintiff does not pinpoint which subsection of 42 U.S.C. § 1396a Carelon allegedly violated. This is important because Plaintiff may not have a private right of action to bring such claim. *Polk v. Yee*, 481 F. Supp. 3d 1060 (E.D. Cal. 2020), aff'd, 36 F.4th 939 (9th Cir. 2022) (holding that 42 U.S.C. § 1396a(a)(32) does not create a privately enforceable right.) As a result, this Court will dismiss this claim with leave to amend.

**D. Claim No. 3: Violation of Procedural Due Process under 42 U.S.C. § 1983**

Plaintiff argues that Defendant violated her Fourteenth Amendment right to due process under 42 U.S.C. § 1983. To proceed on this claim, Plaintiff would need to establish that Defendant was a state actor. *See* 42 U.S.C. § 1983. As discussed above, Plaintiff has failed to do so. Accordingly, this Court will dismissthis claim with leave to amend. *See Hoang*, 910 F.3d at 1102–03.

**E. Claim No. 4: Negligence**

To state a claim for negligence under Nevada law, a plaintiff must allege that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages. *Sadler v. PacifiCare of Nev.*, 130 Nev. 990, 995, 340 P.3d 1264, 1267 (2014) (quotation marks omitted). Plaintiff alleges damages by stating that Defendant's improper enforcement of liens caused her anxiety, financial hardship, and exacerbated the debilitating headaches she began having as a result of the car crash. Plaintiff also loosely alleges that Defendant's actions are "a proximate cause of the damages" she has sustained. But Plaintiff does not establish that Defendant owed her a duty, what the duty was, or that the duty was breached. Accordingly, Plaintiff fails to state a negligence claim, and this Court recommends the claim be dismissed. *Sadler*, 130 Nev. at 995, 340 P.3d at 1267. As it is not clear that amendment would be futile, this Court recommends that Plaintiff be given leave to amend this claim. *See Hoang.*, 910 F.3d at 1102–03.

**F. Claim No. 5.: Violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692 et seq.**

Plaintiff asserts that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq**.** Plaintiff alleges that Defendant misrepresented its authority, refused to validate the debt, and refused to disclose its legal identity. She alleges that Defendant explicitly stated in writing that it was not a debt collection company initially. Plaintiff also alleges that Defendant refused to speak with her regarding her liens, instead only communicating directly with Wawanesa in order to bypass Plaintiff's right to dispute.

"The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others". *Bertsch v. Discovery Fin. Servs*, No. 2:18-cv-00290-GMN-EJY, 2020 WL 1170212, at *4 (D. Nev. March 11, 2020). A debt collector is, "any person…who regularly collects or attempts to collect…debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). The FDCPA explicitly prohibits "false, deceptive, or misleading representation or means in collection of any debt" including failing to disclose in an initial communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. 15 U.S.C. § 1692e(11).

Plaintiff's complaint establishes that Defendant is a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6). And although Plaintiff fails to establish how most of her allegations rise to the level of a violation of the FDCPA, Plaintiff's allegation that Defendant denied it was a debt collector in its initial written communication constitutes a violation of 15 U.S.C. § 1692e(11). Accordingly, Plaintiff's claim may proceed under 15 U.S.C. § 1692e(11).[4]

**G.  Claim No. 6: Violation of Nevada Debt Collection Laws under NRS Chapter 649**

Plaintiff alleges that Defendant not only violated federal debt collection laws but also violated state debt collection laws under Chapter 649 of the Nevada Revised Statutes. Under Nev. Rev. Stat. § 649.370, any violation of the federal FDCPA is a violation of Nevada law. Since Plaintiff's FDCPA claim may proceed, Plaintiff's claim under Nevada's debt collection laws may proceed as well.

**H.  Claim No. 7: Unfair Trade Practices under NRS 598.0903 et seq.**

Plaintiff repeats her allegations to argue that Defendant violated Nevada's Unfair and Deceptive Trade Practice Act under Nev. Rev. Stat. § 598.0903 et seq. But Plaintiff does not

---

[4] The fact that this Court finds Plaintiff's claims plausible at the screening stage does not foreclose the possibility of granting a motion to dismiss. *See Forte v. Hughes*, 2014 WL 5603788, *1 (E.D. Cal. Nov. 3, 2014) (noting a screening order does not rule on the merits of the proposed action but instead evaluates whether the claim is cognizable and is not a substitute for a 12(b)(6) motion; *see also Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. March 28, 2007) ("a defendant's right to bring a motion to dismiss is not foreclosed by the issuance of a sua sponte screening providing that the prisoner has stated a claim").

explain how Defendant's failure to "disclose its true identity" as Carelon Insights, Inc. nor how its "oppressive, aggressive, and deceptive" debt collection practices violate Nev. Rev. Stat. § 598.0903 et seq. Plaintiff only vaguely points to a federal case, *FTC v. Standard Ed. Soc.*, 302 U.S. 112 (1937) for the assertion that deceptive practices include concealment of material facts. Accordingly, Plaintiff fails to sufficiently allege that Defendant's actions constitute deceptive trade practices under Nevada law. As a result, this claim will be dismissed with leave to amend.

### III. Instructions for Amendment

If Plaintiff chooses to amend, the first amended complaint (ECF No. 9) will no longer serve any function in this case. As such, if Plaintiff files a second amended complaint, each claim must be alleged sufficiently. This Court cannot refer to a prior pleading or to other documents to make plaintiff's second amended complaint complete. The second amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS RECOMMENDED** that all claims made on behalf of Plaintiff's children be **DISMISSED** without prejudice.

**IT IS RECOMMENDED** that Claim No.1: Injunctive and Equitable Relief be **DISMISSED** without leave to amend.

**IT IS ORDERED** that Claims Nos. 2, 3, 4, and 7 are **DISMISSED** with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall have until April 23, 2026, to file an amended complaint. If Plaintiff chooses not to file an amended complaint, the case will proceed on Claims Nos. 5 and 6.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue summons to Carelon, (2) deliver the summons along with 1 copy of the amended complaint (ECF No. 9) to the U.S. Marshal for service, and (3) mail Plaintiff 1 blank copy of Form USM-285.

Once Plaintiff receives the USM-285 form, Plaintiff must fill in defendant's last-known addresses so that the defendants may be served.[5]

**IT IS FURTHER ORDERED** that Plaintiff shall have until March 23, 2026, to send the U.S. Marshal the required Form USM-285. Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

DATED: February 23, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff notes in her complaint that she lacks certain information regarding Carelon. It is up to Plaintiff to identify the Defendant and the address at which service will be effectuated.